# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PURE-FLO MPC, LLC,**

        **Plaintiff,**

      **v.**                                           **Case No. 06-C-505**

**BIO FAB TECHNOLOGIES, INC.,**
**JOHN O'CONNELL, MARK SCHNUCK,**
**and PAUL FREUDE,**

        **Defendants.**

## DECISION AND ORDER

The Plaintiff, Pure-Flo MPC, LLC ("Pure-Flo"), filed a Rule 7.4 Motion for Accelerated Discovery. Specifically, Pure-Flo asks the Court to set the following discovery parameters: (1) relieve the parties from the restrictions of Federal Rule of Civil Procedure 26(d) and allow them to pursue discovery from any source and by any means; (2) require that the parties respond to interrogatories, requests for admissions, and/or requests for production of documents ten days after service of the requests; (3) require the Defendants to identify, within 10 days of the issuance of this Decision and Order, "every computer, electronic mail account, and computer media in any form that they or anyone acting in concert with them employed since January 1, 2005, to access, receive, copy or use any data or document that any of them transmitted or copied from a Pure-Flo computer or the Pure-Flo computer network;" and (4) require the Defendants, within 20 days of the issuance of this Decision and

Order, to permit Pure-Flo immediate inspection and copying of the complete contents of each such computer by a computer forensic specialist designated by Pure-Flo. Pure-Flo argues that the proposed discovery parameters are "necessary to enable both parties to prepare for [the] hearing on plaintiffs' motion for preliminary injunction."

The problem with Pure-Flo's request is that Pure-Flo has not yet even filed a motion for a preliminary injunction, let alone a motion for an evidentiary hearing. Pure-Flo alleges that it will soon be filing a motion for a preliminary injunction, yet, even if it did, this Court need not necessarily conduct an evidentiary hearing. An evidentiary hearing is only required "if the nonmoving party raises genuine issues of material fact in response to a motion for a preliminary injunction." *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002). That is, the party seeking an evidentiary hearing must show that it has and "intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue the injunction." *Id.* (quoting *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997)). Because a motion for a preliminary injunction has not yet been filed, it is impossible to assess at this time whether an evidentiary hearing will even be conducted.

The Court will not accelerate and expand discovery beyond the parameters annunciated in the Federal Rules of Civil Procedure so as to help the parties prepare for an evidentiary hearing that may never take place. Pure-Flo's Rule 7.4 Motion for Accelerated Discovery is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY**

**ORDERED that** Pure-Flo's Motion for Accelerated Discovery (Docket No. 3) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2006.

BY THE COURT:

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge